UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

BRUCE A. WILLIAMS,

                Plaintiff,                              Case No. 1:07-cv-321

v.                                                     Honorable Robert Holmes Bell

UNKNOWN BOND et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation

Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any

prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro*

*se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed

for failure to state a claim.

**Discussion**

Plaintiff is currently incarcerated at Oaks Correctional Facility (ECF).  In his *pro se* complaint, he sues ECF Assistant Resident Unit Supervisor (Unknown) Bond and ECF Corrections Officer (Unknown) Myers.  Plaintiff asserts in his complaint that on an unidentified day he requested permission to leave the Day Room to use the toilet and was denied permission.  Plaintiff alleges that, as a result of such denial, he urinated on himself in the Day Room in front of the staff and other prisoners.  He does not divulge the length of time involved in this incident.  Plaintiff asserts that this single denial of his request to use the toilet was a violation of his rights under the Eighth Amendment.  Plaintiff seeks monetary damages in excess of $10,000.00 against each Defendant as well as costs and fees.  For the following reasons, Plaintiff's complaint should be dismissed for failure to state a claim.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene

society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The

Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary

and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam)

(quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged "must result in the denial of 'the

minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v.

Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with

"deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for

prison confinement." *Rhodes*, 452 U.S. at 348.

Moreover, "[n]ot every unpleasant experience a prisoner might endure while

incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth

Amendment." *Ivey*, 832 F.2d at 954.  Allegations of temporary inconveniences, e.g., being deprived

of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not constitute

conditions falling beneath the minimal civilized measure of life's necessities as measured by a

contemporary standard of decency.  *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001);

*see also J.P. v. Taft*, 439 F.Supp.2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting

from the difficulties in administering a large detention facility do not give rise to a constitutional

claim." (internal citation omitted)).  The one time denial of Plaintiff's request to leave the Day Room

to use the toilet is insufficient, by itself,  to state a claim under the Eighth Amendment.  *See

Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir. 1999) (stating that "deprivations of fresh water and

access to the toilet for a 20-hour period, while harsh, were not cruel and unusual punishment")

(citing *Stephens v. Carter County Jail*, 816 F.2d 682 (6th Cir.1987)).

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  May 9, 2007                                          /s/  Joseph G. Scoville
                                                             United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).